

# The Attorney General of Texas

January 23, 1981

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

John W. Davis, O.D., Chairman
Texas Optometry Board
Commerce Park, Suite H-101
5555 North Lamar
Austin, Texas 78751

Opinion No. MW-292

Re: Optometry Act requirement that the business of an optician be separate from the practice of an optometrist

Dear Mr. Davis:

You ask four questions regarding the interpretation of article 4552-5.15 of the Texas Optometry Act. V.T.C.S. article 4552-5.15. These provisions require the separation of an optometrist's premises from those of a dispensing optician, where both occupy space in the same building. You have described four instances where an optometrist's premises are adjacent to the premises of a dispensing optician, and you ask whether the physical layouts of the offices comply with subsections (a) and (b) of article 4552-5.15 of the Texas Optometry Act. In answering these questions, we will apply the law to the facts as given by you, since we do not resolve fact questions in the opinion process.

Article 4552-515 provides in pertinent part:

(a) The purpose of this section is to insure that the practice of optometry shall be carried out in such a manner that it is completely and totally separated from the business of any dispensing optician, with no control of one by the other and no solicitation for one by the other, except as hereinafter set forth.

(b) If an optometrist occupies space for the practice of optometry in a building or premises in which any person, firm, or corporation engages in the business of a dispensing optician, the space occupied by the optometrist shall be separated from the space occupied by the dispensing optician by solid partitions or walls from floor to ceiling. The space occupied by the optometrist shall have a patient's entrance opening on a public street, hall, lobby, corridor, or other public thoroughfare. An entrance is not a patient's entrance within the meaning of this subsection unless actually used as an entrance by the optometrist's patients.

In your first question, you provide the following facts: An optometrist practices next door to a dispensing optician. The optometrist leases his space from the dispensing optician. The patient's entrance to the optometrist's office opens on a hall, leading to a lobby which has a door opening on a public street. A door from the dispensing optician's space opens to the lobby. A solid wall separates the dispensing optician's space from the hallway leading to the optometrists office. Thirty-six inch high glass panels are set into the wall thirty inches from the floor. The rest of the wall is opaque. Doors from both the optometrist's space and the dispensing optician's space lead into the contact lens room. In considering whether the physical layout of these offices complies with subsections (a) and (b) of article 4552-5.15 you wish us to pay particular attention to the following details:

(a)   The common lobby area;

(b)   The fact that the partition separating the dispensing optician's space from the hallway which leads to the optometrist's office is partially constructed of solid glass;

(c)   The presence of the door in the wall leading from the optician's office into the contact lens room which is part of the optometrist's space.

In determining the meaning of "solid" wall, we may consult a dictionary. See Board of Insurance Commissioner's v. Duncan, 174 S.W. 2d 326 (Tex. Civ. App. - Amarillo 1943, writ ref'd). Websters Third International Dictionary defines solid as "not interrupted by any breaks or opening." In our opinion, a solid wall within subsection (b) of article 4552-5.15 may include transparent or translucent panes of glass. When the legislature wished premises used by optometrists to have opaque walls, it said so. See V.T.C.S. art. 4552-5.14(d) (premises leased by optometrists from mercantile establishment must be separated by solid, opaque walls). However, a solid wall may not be broken by windows that open or by doors.

Therefore, we do not believe that any violation of the act occurs because the partition separating the dispensing optician's space from the hallway is partly made of glass. We do, however, believe there is a violation of the Act in that a door opens from the optician's office into the contact lens room which is part of the optometrist's space. Because of that door, the premises of the two business entities are not completely separated by a solid partition.

The two businesses open on to a common lobby area. The Act requires the patient's entrance to the optometrist's office open on a public lobby or other public thoroughfare. Whether or not it is a public lobby is a question of fact which cannot be resolved in the opinion process.

We do not believe the facts presented in question 2 are sufficiently different from those presented in question 1 to require separate treatment.

You inform us that the office layouts under consideration in question 3 are virtually identical to those presented in questions 1 and 2. The only difference of which you inform us is that the lobby does not have a door opening on a public thoroughfare. You do not inform us where the lobby leads to. As already stated, the statute requires that the optometrist's office shall have a patient's entrance opening on "a public . . . lobby, corridor, or other public thoroughfare." V.T.C.S. art. 4552-5.15, §b. We cannot determine whether the lobby in question 3 is a public lobby without resolving fact questions, which cannot be done in the opinion process.

Question 4 concerns an optometrist's office next door to a dispensing optician. Both businesses are located in a mall. The storage room of each office opens into a common restroom. Thus, the two offices are not separated by a solid partition, since each office has access to the other through doors leading out of the storage areas into the common restroom. We believe these premises are in violation of subsection (b) of article 4552-5.15.

## SUMMARY

Article 4552-5.15(b) of the Texas Optometry Act, requires premises occupied by an optometrist to be separated from premises occupied by a dispensing optician by solid partitions or walls. Such solid partitions or walls may contain glass panels but may not be broken by a door or window which opens.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Acting Chairman
C. Robert Heath